UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EDWARD TZUL, ALEX LANAS,
FEDERICO LAZARO, ARTURO LOPEZ,
FELIX GARCIA, GABRIEL REYES,
GUILLERMO RENDON, HECTOR PEREZ,
M. DIDIER CABRERA, and GERMAIN LOPEZ,

                    Plaintiffs,

      -against-

JAIME T. HERRERA, SAUL HERRERA,
SALOMON HERRERA, MANUEL HERRERA,
JAMES HERRERA, MJM CONSTRUCTION
SERVICES, LLC, MASONRY SERVICES, INC.,
and JAIME HERRERA,

                    Defendants.
-------------------------------------------------------------X

**ORDER**
**11 CV 3152 (LB)**

**BLOOM, United States Magistrate Judge:**

      By Order dated January 3, 2013, the Court approved the settlement agreement in this FLSA and New York Labor Law action. (ECF No. 46.) The settlement agreement expressly and unequivocally provided that, "[n]ot later than 30 days after the Court approves this Stipulation and Order of Settlement, the defendants . . . shall issue checks (totaling $118,089.17) [to plaintiffs] . . . and deliver them to the offices of [plaintiffs' counsel]." See Stipulation and Order of Settlement at ¶ 1 (ECF No. 45). Accordingly, the Court directed plaintiffs' counsel to advise the Court regarding the status of the settlement payments, and retained jurisdiction over this matter until the agreed-upon payments have been made.

      In letters dated January 25, 2013 and February 8, 2013, plaintiffs' counsel advised the Court that defendants had not made the agreed-upon settlement payments. (ECF Nos. 47, 48.) On February 11, 2013, the Court ordered defendants to respond in writing regarding the status of the payments to plaintiffs. Counsel for defendant MJM Construction Services, LLC, Manuel Herrera and Saul Herrera responded on February 12, 2013, informing the Court that "MJM tendered its full portion of the settlement proceeds to MSI [defendant Masonry Services, Inc.], with the understanding that MSI would tender full payment to the plaintiffs." (ECF No. 49.) Counsel for MSI acknowledged in a February 13, 2013 letter that, notwithstanding his clients' agreement to deliver the

1

settlement funds to plaintiffs' counsel no later than February 4, 2013, he had yet to receive the necessary funds from his clients. See ECF No. 50 ("My firm has some of the funds in our escrow account and is awaiting the remainder, which I am told are coming from a real estate settlement that…got postponed to this past Friday (the 8th). Because of the snowstorm the closing is rescheduled for tomorrow.").[1]

As discussed during the February 14, 2013 teleconference, the Court finds MSI's failure to adhere to the terms of the parties' settlement agreement inexcusable. "It is settled law that a 'settlement is a contract, and once entered into is binding and conclusive.'" J&J Sports Productions, Inc. v. Payano, No. 05-CV-5558, 2007 WL 2572112, at *1 (E.D.N.Y. June 28, 2007) (quoting Janneh v. GAF Corp., 887 F.2d 432, 435-36 (2d Cir. 1989), cert denied, 498 U.S. 865 (1990)). In deciding to forgo their right to pursue this litigation in exchange for a settlement, plaintiffs bargained for the ability to receive their funds by the agreed-upon date. In short, MSI's failure to live up to its end of the bargain deprives plaintiffs of their rights under the settlement agreement.

Having found no good cause for the delay in payment, the Court orders MSI to make the agreed upon payments to plaintiffs' counsel by February 15, 2013. Should these payments not be made by February 15, 2013, I am imposing a sanction of $250.00 per day per plaintiff (nine plaintiffs = $2,250.00) for each day thereafter that the payments remain unpaid, up until such time as payment is made in full. The sanction is self-effectuating.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: February 14, 2013
　　　　Brooklyn, New York

---

[1] MSI's counsel stated during the February 14, 2013 teleconference that his client had received the funds from the real estate closing sometime after counsel filed his status report.